**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randolph James Lewis, | No. CV-19-05327-PHX-MHB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Randolph Lewis's Application for Disability Insurance benefits by the Social Security Administration (SSA) under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 20, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 21, "Def. Br."), and Plaintiff's Reply (Doc. 26, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 13, "R."), and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 33-52) as upheld by the Appeals Council (R. at 1-6).

**I.   BACKGROUND**

Plaintiff filed his Application for Disability Insurance benefits on November 17, 2015, alleging disability beginning November 21, 2014.[1] (*Id.* at 36.) His claim was denied

---

[1] Plaintiff initially alleged disability beginning on April 1, 2011, but he amended this date during his hearing before the ALJ. (R. at 36.)

initially on February 25, 2016, and on reconsideration on July 18, 2016. (*Id*.) On April 25, 2018, Plaintiff appeared and testified at a hearing before the ALJ. (*Id*.) On August 2, 2018, the ALJ denied his claim, and on August 3, 2019, the Appeals Council denied Plaintiff's Request for Review. (*Id*. at 1-6, 33-52.)

The Court has reviewed the medical evidence in its entirety and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: lumbar degenerative disc disease, obesity, thoracic diffuse degeneration, knee degenerative joint disease, diabetes with peripheral neuropathy, anxiety disorder, and depressive disorder. (*Id*. at 39.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from the alleged disability-onset date through the date of the decision. (*Id*. at 47.) The ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 39.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"):

> [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except he can stand and/or walk for 4 hours and sit for about 6 hours in an 8-hour workday. He can occasionally operate foot controls bilaterally. He can never crawl or climb ladders, ropes or scaffolds. He can occasionally balance, stoop, crouch, kneel and climb ramps or stairs. He can have occasional exposure to excessive vibration, dangerous machinery with moving mechanical parts and unprotected heights. He is limited to tasks that can be learned by demonstration within 30 days.

(*Id*. at 41.) Accordingly, the ALJ found that "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed." (*Id*. at 46.)

## II.    LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability

determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404.  20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.   ANALYSIS**

Plaintiff raises two issues for the Court's consideration. First, Plaintiff argues that the ALJ erroneously rejected his symptom testimony. (Pl. Br. at 1.) Second, Plaintiff argues

that the ALJ "manufactured" Plaintiff's RFC without properly considering and relying on the medical opinions of record. (*Id.* at 16.)

For the reasons that follow, the Court rejects Plaintiff's arguments. The ALJ properly considered and rejected Plaintiff's symptom testimony for several reasons, including his noncompliance with treatment. Further, the ALJ appropriately considered the medical opinions of record and properly considered all the evidence in determining Plaintiff's RFC.

**A. The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.**

The ALJ provided several reasons for discounting Plaintiff's symptom testimony. First, the ALJ found that the objective medical evidence does not corroborate Plaintiff's allegations of total disability. (R. at 41-42.) Next, the ALJ found that Plaintiff pursued only conservative treatment for his knee pain during the relevant period. (*Id.* at 42.) Third, the ALJ found that Plaintiff was noncompliant with treatment for his diabetes: specifically, the ALJ found "he has admitted having a poor diet and not always being compliant with medication without a compelling reason." (*Id.*) Finally, the ALJ found Plaintiff's activities of daily living were inconsistent with his alleged limitations. (*Id.* at 43-44.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical

evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

In discounting Plaintiff's symptom testimony, the ALJ correctly relied on the objective medical evidence, Plaintiff's noncompliance with treatment, and Plaintiff's pursuit of only conservative treatment. Each of these rationales is supported by substantial evidence. Conversely, the ALJ's reliance on Plaintiff's activities of daily living was erroneous but harmless because the ALJ provided other sufficient reasons for rejecting Plaintiff's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (defining harmless error as error that is inconsequential to the ALJ's nondisability determination).

The ALJ correctly determined that the objective medical evidence does not support the magnitude of limitations Plaintiff alleges. Though the ALJ could not rely solely on the objective medical evidence to reject Plaintiff's testimony, it was a permissible consideration. *See Burch*, 400 F.3d at 682. The ALJ identified x-rays of Plaintiff's spine that showed mild or negative findings. (R. at 41-42.) Similarly, the ALJ cited examinations where Plaintiff had a slow, but safe and stable gait. (*Id.* at 42.) To be sure, the ALJ also identified findings that support Plaintiff's allegations, including evidence of decreased sensation in his feet, but ultimately the ALJ's interpretation of the evidence—that the objective medical evidence does not fully corroborate Plaintiff's allegations—is a reasonable one. *See Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (reiterating that the substantial evidence standard of review is highly deferential). Though Plaintiff argues that the ALJ did not identify specific testimony that was undermined by the objective medical evidence, the Court disagrees. (Pl. Br. at 9-10.) The ALJ linked her discussion of the medical evidence to Plaintiff's allegations regarding his various impairments. (R. at 41-42.) For example, the ALJ expressly tied her discussion of the medical evidence regarding Plaintiff's back pain to his allegations of limitations due to that impairment. (*Id.*) Importantly, the ALJ was not required to specify by rote each allegation that each piece of medical evidence undermined; the ALJ's method of grouping the medical evidence with

the allegations it undermined was sufficient. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (reiterating that ALJs may explain their decisions with unideal clarity so long as their reasoning is reasonably discernible).

Next, the ALJ's correctly discounted Plaintiff's allegations regarding his knee pain because he "received no treatment for his knee pain during the period under review, aside from his report that he took Tylenol for pain." (R. at 42.) This too was a proper consideration. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (indicating that a claimant's pursuit of only conservative treatment is a proper reason to discount his testimony regarding his impairments). Here, Plaintiff's lack of treatment for his knee pain during the relevant period supports the ALJ discounting his claims of disabling symptoms. Plaintiff argues that he sought treatment for his knee pain shortly after the relevant period ended. (Pl. Br. at 10.) Though treatment after the relevant period might evidence a claimant's limitations during the relevant period, it was still proper for the ALJ to discount Plaintiff's allegations because of a dearth of treatment when his limitations were allegedly disabling. Thus, the ALJ did not err.

Finally, the ALJ correctly relied on Plaintiff's noncompliance with treatment recommendations in discounting his testimony. *See* 20 C.F.R. § 404.1530(a) ("In order to get benefits, you must follow treatment prescribed by your medical source(s) if this treatment is expected to restore your ability to work."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (failure to follow a prescribed course of treatment weighs against a claimant's credibility). Here, the ALJ supported her reasoning by citing to records that show Plaintiff at times failed to control his diet and comply with medication prescriptions. (R. at 42, 468, 506, 585, 592-93 653, 662.) Significantly, during the relevant period, one doctor noted that Plaintiff "should have run out [of medication] more than a month ago according to records, and has not requested refills." (*Id*. at 592.)

Plaintiff argues that the ALJ's reasoning should be rejected because Plaintiff "made efforts to follow his doctors' recommendations for diabetes management and support." (Pl. Br. at 10-11.) Essentially, Plaintiff argues he made efforts to comply, but struggled, in part

due to knowledge deficits regarding proper treatment. (*Id*.) The Court disagrees. Though Plaintiff cites records indicating that Plaintiff had a knowledge deficit regarding his self-management skills, these records also indicate that Plaintiff demonstrated understanding and readiness to learn by April 2015. (Pl. Br. at 10-11; R. at 506.) But by March 2016, Plaintiff was again noncompliant and he "d[id] not have barriers to medication compliance or meeting treatment goals." (*Id.* at 592-93, 661-62.) Accordingly, the ALJ did not err in concluding that Plaintiff's noncompliance with treatment was without good reason and undermined his allegations.

Because the ALJ provided specific, clear, and convincing reasons supported by substantial evidence, she did not err in rejecting Plaintiff's symptom testimony.

**B.     The ALJ correctly evaluated the medical evidence in determining Plaintiff's RFC.**

Plaintiff does not challenge the ALJ's rejection of any specific medical opinion; instead, Plaintiff argues that the ALJ independently—and improperly—evaluated the medical evidence on her own without adequately relying on the medical opinions of record. (Pl. Br. at 15-16.) Specifically, Plaintiff argues that by assigning partial weight to the opinions of reviewing and examining physicians that opined Plaintiff is capable of a range of medium work, "the ALJ effectively rejected those opinions." (Pl. Br. at 16.)

The Court disagrees. It is the ALJ's duty to evaluate the various medical opinions, to navigate the conflicts and ambiguities contained among them, and to determine the claimant's RFC while taking into account all of the evidence. *See Tommasetti*, 533 F.3d at 1041. Further, the RFC is a legal determination, not a medical one; it need not match any particular medical source and the ALJ is ultimately responsible for determining the RFC. 20 C.F.R. §§ 404.1527(d)(2), 404.1545, 404.1546(c). The ALJ's opinion demonstrates that she did not simply disregard the opinions of record in determining Plaintiff's RFC. Contrary to Plaintiff's suggestion that the ALJ "manufactured" evidence, the ALJ gave the physicians' opinions partial weight because they "are consistent with each other and with the claimant's longitudinal treatment records," but reduced the weight given to these

opinions because these physicians did not have access to certain medical records from the relevant period. (Pl. Br. At 16; R. at 44.) Accordingly, the ALJ actually found Plaintiff was more limited than did the physicians, based on the other evidence in the record, concluding, "[given Plaintiff's] reports of knee and back pain as well as increased numbness in his feet, the [ALJ] finds that such evidence warrants the addition of postural limitations as well as a reduced ability to lift and carry." (*Id*.) And the ALJ did not err in giving reduced weight to the medical opinions; she was not required to adopt verbatim any physician's opined-to RFC. She correctly determined Plaintiff's RFC based off all the evidence in the record.

Since the ALJ properly evaluated the medical opinions of record and her analysis is supported by substantial evidence, the Court concludes she did not err.

## IV. CONCLUSION

Substantial evidence supports the ALJ's nondisability determination. The ALJ properly discounted Plaintiff's symptom testimony based on his noncompliance with treatment, his conservative treatment, and the objective medical evidence. Further, the ALJ properly considered the medical opinions of record and followed proper procedures for determining Plaintiff's RFC. Thus, the Court affirms the ALJ's decision.

**IT IS THEREFORE ORDERED** affirming the August 2, 2018 decision of the Administrative Law Judge (R. at 33-52), as upheld by the Appeals Council (R. at 1-6).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 20th day of October, 2020.

Honorable Michelle H. Burns
United States Magistrate Judge